Case 4:19-cv-01218   Document 50   Filed on 03/31/20 in TXSD   Page 1 of 11

United States District Court
Southern District of Texas
**ENTERED**
March 31, 2020
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| J B Black, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-19-1218 |
| | § | |
| BBVA/Compass Bank, et al., | § | |
| | § | |
| Defendants. | § | |

### MEMORANDUM AND RECOMMENDATION

Pending before the court[1] is Defendant BBVA/Compass's ("BBVA") Amended Motion to Dismiss (Doc. 29). The court has considered the motion, Plaintiff's live pleading, all other relevant filings, and the applicable law. For the reasons set forth below, the court **RECOMMENDS** that the motion be **GRANTED**.

### I. Case Background

On April 4, 2019, Plaintiff, pro se, filed this action pursuant to the Fair Credit Reporting Act[2] ("FCRA") against Experian Information Solutions, Inc., ("Experian").[3] Plaintiff asserted a second count for invasion of privacy/false light.[4]

On July 5 and 8, 2019, Plaintiff filed amended complaints in which he named additional entities as defendants, including

---

[1] This case was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), the Cost and Delay Reduction Plan under the Civil Justice Reform Act, and Federal Rule of Civil Procedure 72. See Doc. 33, Ord. Dated Nov. 7, 2019.

[2] 15 U.S.C. §§ 1681-1681x.

[3] See Doc. 1, Pl.'s Compl.

[4] See id. pp. 5-6.

Defendant BBVA.[5] At the initial pretrial and scheduling conference held on July 26, 2019, the court struck both of the amended complaints and set a deadline of August 16, 2019, to amend the pleadings.[6]

On August 5, 2019, Plaintiff filed an amended complaint that named Defendant BBVA, among other entities.[7] The pleading is noticeably light on factual specificity.[8] Plaintiff alleged that, following Equifax's data breach in November 2015, he was a victim of identity theft.[9] He stated that, in December 2015, he ordered credit reports from the three major credit reporting agencies and "noticed some fraudulent and erroneous accounts[] and inquiries[,]" specifically accounts listed with Ally Financial, SunTrust Bank, and Compass Bank.[10]

Against the five named defendants, Plaintiff alleged, "On or before January 2017[,] I have continuous[ly] disputed these fraudulent and erroneous accounts with" each defendant.[11] He accused Defendant BBVA, among others, of "continued reporting of

---

[5] See Doc. 7, Am. Compl.; Doc. 8, Am. Compl.

[6] See Doc. 15, Min. Entry Ord. Dated July 26, 2019; Doc. 16, Docket Control Ord. Dated July 26, 2019.

[7] See Doc. 17, Am. Compl.

[8] See id.

[9] See id. p. 2.

[10] Id.

[11] Id. p. 3.

erroneous, inaccurate, fraudulent and adverse information[,]" including fraudulent accounts and inquiries, to the credit reporting agencies.[12] Plaintiff reported having "received notices denying credit, refinancing and opening a checking account based on information obtained in consumer reports from . . . [Defendant] BBVA" and the other defendants.[13] Plaintiff alleged that all of the defendants continued to withhold and/or not report "positive credit information that it previously [had] reported resulting in defamation and causing financial injury."[14]

Plaintiff asserted violations of the FCRA pursuant to 15 U.S.C. §§ 1681i, 1681n, 1681o.[15] As the result of those violations, Plaintiff asserted, he had suffered "humiliation, embarrassment, and loss of opportunity" and sought actual, statutory, and punitive damages as well as injunctive relief.[16] Plaintiff also pled a state-law tort for invasion of privacy/false light, alleging that Defendant BBVA, by accessing Plaintiff's private information and publishing his name together with the inaccurate information, placed him "in a false light before the eyes of others" and damaged

---

[12] Id.

[13] Id.

[14] Id. p. 4.

[15] See id. pp. 4-6. Plaintiff also alleged violations of "FCRA (A)(5)(B)(ii)" and "FCRA 1681(e)(b)," which the court cannot locate. Id. p. 4.

[16] Id. p. 3.

his "high standing, reputation and good name[.]"[17] Plaintiff did not identify any specific monetary loss but listed multiple other injuries generally falling in the category of emotional distress.[18]

In the subsequent months, Plaintiff reached settlements with several of the defendants.[19] On October 2, 2019, Defendant BBVA filed the pending dispositive motion.[20] Plaintiff did not file a response.[21] On January 28, 2020, Defendant BBVA filed, with leave of court, a counterclaim against Plaintiff.[22] Plaintiff did not file an answer to the counterclaim.

## II. Applicable Legal Standards

Federal Rule of Civil Procedure ("Rule") 12(b)(6) allows dismissal of an action whenever the complaint, on its face, fails to state a claim upon which relief can be granted. The court should construe the allegations in the complaint favorably to the pleader and accept as true all well-pleaded facts. Harold H.

---

[17] Id. p. 6.

[18] See id. pp. 6-7.

[19] See Doc. 26 Not. of Settlement; Docket Notation Dated Jan. 8, 2020; Doc. 43, Stipulation of Dismissal.

[20] See Doc. 29, Def. BBVA's Am. Mot. to Dismiss.

[21] The Local Rules state that failure to respond to a motion will be taken as a representation of no opposition. L.R. 7.4. Generally, the non-moving party has twenty-one days to file a response before the lack of response is considered a lack of opposition. See L.R. 7.3. However, because the court finds it improper to grant summary judgment in this action merely because of the lack of a response, this court carefully considers the merits of the pending unanswered dispositive motion. See Hibernia Nat'l Bank v. Administracion Cent. Sociedad Anonima, 776 F.2d 1277, 1279 (5th Cir. 1985).

[22] See Doc. 48, Def. BBVA's Orig. Countercl.

4

Huggins Realty, Inc. v. FNC, Inc., 634 F.3d 787, 803 n.44 (5th Cir. 2011)(quoting True v. Robles, 571 F.3d 412, 417 (5th Cir. 2009)). Pro se complaints must be construed liberally and "be held to less stringent standards than formal pleadings drafted by lawyers[.]" See Erickson v. Pardus, 551 U.S. 89, 94 (2007).

A complaint need not contain "detailed factual allegations" but must include sufficient facts to indicate the plausibility of the claims asserted, raising the "right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007); see also Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Plausibility means that the factual content "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. 678. A plaintiff must provide "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Twombly, 550 U.S. at 555. In other words, the factual allegations must allow for an inference of "more than a sheer possibility that a defendant has acted unlawfully." Iqbal, 556 U.S. 678.

Dismissal of an action is appropriate whenever the court lacks subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1), 12(h)(3). A district court's jurisdiction is limited to actual cases or controversies. Lujan v. Defenders of Wildlife, 504 U.S. 555, 559 (1992). Constitutional "standing is an essential and unchanging part of the case-or-controversy requirement[.]" Id. at 560; see

5

also McCall v. Dretke, 390 F.3d 358, 361 (5th Cir. 2004)(explaining that standing is an essential component of federal subject matter jurisdiction).

To plead constitutional standing, a plaintiff must satisfy three elements. See OCA-Greater Houston v. Tex., 867 F.3d 604, 609-10 (5th Cir. 2017). First, a plaintiff must have sustained "an injury in fact," which is defined as "an invasion of a legally protected interest" that is "concrete and particularized" and "actual or imminent, not conjectural or hypothetical." Id. at 610 (internal quotation marks omitted)(quoting NAACP v. City of Kyle, Tex., 626 F.3d 233, 237 (5th Cir. 2010)). Second, a plaintiff must show a causal connection between the injury and defendant's actions. Id. (quoting NAACP, 626 F.3d at 237). "Third, it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." Id. (internal quotation marks omitted)(quoting NAACP, 626 F.3d at 237).

### III. Discussion

Defendant BBVA's motion raises multiple arguments in favor of dismissal of Plaintiff's amended complaint. The court needs to address only two.

#### A. Standing

Defendant BBVA argues that Plaintiff does not have standing to bring this lawsuit because he failed to plead that he suffered an injury in fact fairly traceable to Defendant BBVA's actions that is

6

likely to be redressed by a favorable decision. Because this argument challenges the court's subject matter jurisdiction, the court addresses it first.

Although couched in the language of standing, Defendant BBVA's argument goes only as deep as the sufficiency of Plaintiff's factual allegations pursuant to Rule 12(b)(6). In a jumbled and misguided argument, Defendant BBVA begins by asserting that "Plaintiff failed to plead evidence of damages[,]" and thus failed to allege facts to support each element of his claim.[23] From that point, Defendant BBVA launches into a full-page discussion of the legal requirements for standing and concludes that Plaintiff "has not suffered[] and has provided no evidence of any injury-in-fact."[24]

In support of its standing argument, Defendant BBVA cites Bacharach v. SunTrust Mortgage, Inc., 827 F.3d 432 (5th Cir. 2016). Bacharach did not find that the plaintiff's lack of specificity as to the causation of damages raised the concern that she lacked standing, as Defendant BBVA suggests in its brief. Indeed, Bacharach did not address standing at all. See id. Bacharach affirmed the district court's granting of summary judgment, holding that the plaintiff "failed to raise a fact issue on an essential element of her claim (causation of damages)." Id. p. 435.

---

[23] Doc. 29, Def. BBVA's Am. Mot. to Dismiss p. 7 (emphasis omitted).

[24] Id. p. 8.

Here, Plaintiff pled that Defendant BBVA violated the FCRA and state law by reporting "erroneous, inaccurate, fraudulent and adverse information" and failing to report positive information, which together resulted in, among other things, the denial of credit, humiliation, and damage to his reputation.[25] That suffices to allege an injury in fact fairly traceable to Defendant BBVA's conduct. Among damages sought, Plaintiff pled injunctive relief to correct his credit reports and monetary damages, both of which could provide redress for the injuries claimed.

Plaintiff successfully pled standing.

**B. Statute of Limitations**

Defendant BBVA argues that both of Plaintiff's claims are barred by the applicable statutes of limitation. Defendant argues that Plaintiff's allegations were that "he discovered the accounts at issue in December 2015 [and] disputed the accounts with [Defendant] BBVA . . . 'on or before January 2017[]' but did not bring these claims against [Defendant] BBVA until August 5, 2019."[26] As the complaint was filed more than two years after accrual, Defendant BBVA argues, Plaintiff's FCRA claim and state-law tort are barred.

**1. FCRA**

The statute of limitations for FCRA claims is the earlier of

---

[25] Doc. 17, Am. Compl. p. 3; see also id. pp. 4, 6.

[26] Doc. 29, Def.'s Am. Mot. to Dismiss p. 5 (quoting Doc. 17, Pl.'s Am. Compl. p. 2).

two years after the date of the plaintiff's discovery of the alleged FCRA violation or five years after the date of the violation. See 15 U.S.C. § 1681p. Plaintiff's complaint identifies the date of discovery to be December 2015, a month or so after he was the victim of identity theft. Based on that discovery date, the statute of limitations ran until December 2017. As the earlier of the two possible dates for the statute of limitations is the one that applies, there is no possibility that five years from the date of the violation would result in a contrary finding.

Plaintiff's FCRA claim should be dismissed.

### 2. Invasion of Privacy/False Light

Texas does not recognize invasion of privacy/false light as a cause of action. See Cane v. Hearst Corp., 878 S.W.2d 577, 578-79 (Tex. 1994); Doggett v. Travis Law Firm, P.C., 555 S.W.3d 127, 130 n.2 (Tex. App.—Houston [1st Dist.] 2018, pet. denied). That said, Texas applies a one-year limitations period to defamation and "other causes of action[] for which the gravamen of the complaint is injury to a plaintiff's reputation because of allegedly defamatory statements." Walker v. Beaumont Indep. Sch. Dist., 938 F.3d 724, 741-42 (5th Cir. 2019); see also Tex. Civ. Prac. & Rem. Code § 16.002(a).[27] Accrual occurs when the allegedly defamatory

---

[27] In support of the application of a two-year limitations period, Defendant cites Stevenson v. Koutzarov, 795 S.W.2d 313, 319 (Tex. App.—Houston [1st Dist.] 1990, writ denied), and Wood v. Hustler Mag., Inc., 736 F.2d 1084, 1088-89 (5th Cir. 1984), both of dubious subsequent history. See Doc. 29, Def. BBVA's Am. Mot. to Dismiss p. 5. Stevenson relied on the discussion about the statute of limitations for a false-light claim found in Covington v. Houston

9

statement was published.  See Walker, 938 F.3d at 742.

Although labeled invasion of privacy/false light, the gravamen of Plaintiff's state-law tort is that Defendant BBVA "impermissibly access[ed] Plaintiff[']s most private information and plac[ed] . . . Plaintiff in a false light before the eyes of others, including potential credit grantors and creditors as well as family, friends and the general public[,]" through the "invasion, publication and circulation of Plaintiff[']s name and the inaccurate information[]" resulting in, among other things, diminishment of Plaintiff's "high standing, reputation and good name among family, friends, neighbors, and business associates[.]"[28]

Reading Plaintiff's allegations as liberally as possible, the court assumes that Plaintiff intended to assert a defamation claim because that is the gravamen of what he pled.  The applicable limitations period, then, is one year from the date of original publication.  See Walker, 938 F.3d at 741-42.  Based on the complaint, original publication of the allegedly defamatory information could not have occurred any later than December 2015.  Therefore, limitations ended no later than the end of December 2016, more than two years before Plaintiff filed this lawsuit and brought the defamation claim against Defendant BBVA.

---

Post, 743 S.W.2d 345, 346-47 (Tex. App.—Houston [14th Dist.] 1987, no writ), which was abrogated in Cane, 878 S.W.2d at 578-79.  Wood was itself disapprovingly mentioned in Cane, 878 S.W.2d at 579, as incorrectly recognizing an invasion of privacy claim for false light under Texas law.

[28]   Doc. 17, Am. Compl. p. 6.

Plaintiff's tort claim should be dismissed.

### IV. Conclusion

Based on the foregoing, the court **RECOMMENDS** that Defendant's Amended Motion to Dismiss be **GRANTED**.

The Clerk shall send copies of this Memorandum and Recommendation to the respective parties who have fourteen days from the receipt thereof to file written objections thereto pursuant to Federal Rule of Civil Procedure 72(b) and General Order 2002-13. Failure to file written objections within the time period mentioned shall bar an aggrieved party from attacking the factual findings and legal conclusions on appeal.

The original of any written objections shall be filed with the United States District Clerk electronically. Copies of such objections shall be mailed to opposing parties and to the chambers of the undersigned, 515 Rusk, Suite 7019, Houston, Texas 77002.

**SIGNED** in Houston, Texas, this 31st day of March, 2020.

Nancy K. Johnson
United States Magistrate Judge